ITosea, J.;
Hoefheimer, J., and Swing, J., concur.
Error to special term.
Anna Williams sued the city in the court below for damages for improper construction and maintenance of a sidewalk in a defective and dangerous condition, whereby she suffered personal injuries. Subsequently and before judgment she died. Her administrator was substituted, and the cause proceeded, against the objection of the city, which claimed that the suit had abated, under Section 5144 of the practice code, and now prosecutes error based upon the record showing these facts. The section in question is as follows:
*217 “Section 5144. [What actions abate by death of a parly.] Except as otherwise provided, no action or proceeding pending-in any court shall abate by the death of either or both of the parties thereto, except an action for * * * a nuisance * * * which shall abate by the death of either party.”
It has been specifically held, by the Supreme Court, that an action against a municipality for personal injuries resulting from the construction of a dangerous highway and allowing it to become and remain out of repair is an action “for a nuisance,” under Section 5144, and abates at the death of the party injured. Cardington v. Fredericks, 46 O. S., 442.
The defendant in error contends that the amendment of the law, made to this and correlative sections subsequently to the decision in the Cardington ease, has so altered the status that the case cited no longer applies as authority. The amendments in question-were made April 5, 1893. To Section 5144 there is added an introductory clause “Except as otherwise provided” —which, however, detracts nothing from the force of the positive concluding provision for the abatement of an action for. a nuisance. The whole provision, it may be noted, has been on the statute book since 1831. • So far as this amendment is concerned', we do not perceive how it in any way affects the question here in issue.
But it is urged that, by taking into consideration Section 4975 (also amended April 5, 1893) and Section 5148, a purpose of the Legislature will appear to relieve actions for nuisance involving injuries to persons or property, from the abatement provision of Section 5144.
Section 4975, prior to April 5, 1893, provided that causes of action for injuries to property should survive the death of either party. .By the amendment of April 5, 1893, this now reads “Injuries to persons or property.”-
Section 5148 (existing without amendment since 1880) provides the method of reviving an action where a party thereto dies and the right of action survives.
Upon these statutes as they stood when the Cardington case was decided, an action “for a nuisance” which abated by the death of a party was defined to be one for damages for injuries to the person as well as to property; and this with respect to *218 highways especially (pp. 446-7), and the court traces the history 'of the statute somewhat to show that, in its then form, it “but gives legislative expression to a rule of the common law” (page 449). It will be observed that the entire reasoning of the court is based on the essential nature of an action “for a nuisance”; and, in effect, distinguishes actions “for injuries to persons or property,” such as contemplated by Section 4975. On this point the court says (p. 447) :
“It is insisted that the action below was for negligence. This proposition does not seem to advance the argument. The maintenance of a nuisance implies negligence, or worse. The negligent act produced a nuisance which was the cause of the injury. * * “ The action was, therefore, ‘for a nuisance’, i. e., for maintaining a nuisance from which private damage ensued; ’ ’ and, consequently, the action abated.
The language throughout the opinion implies a clear distinction between ordinary actions for injuries to persons or property, through negligence per se, and injuries to persons or property caused by a nuisance. The former were preserved by Section 5144, while the latter were positively abated by the same section.
In view of the broad terms of reference, throughout the opinion, to actions in each case for a nuisance yet including injuries both to persons and property, it seems obvious that the enlargement of Section 4975 to include injuries to persons as well as property, does not alter the effect of the decision. The distinction upon which it rests is broader and deeper than the change suggested.
The use of the terms “action”, “right of action” and “cause of action” should not be confusing, in view of essential principles as developed by the common law. The right of action for a personal right originally died with the party. If the party died after bringing action, the action abated, because the right' of action has ceased to exist, exactly as it ceased if death occurred prior to the bringing of the action. Subsequently, as the Supreme Court points out in the Cardington case, if the injury was to the estate, the right of action did not die, because the estate did not, and injury to it did not cease to exist. The owner was, in a sense, a representative of the estate merely, but the estate itself instantly vested, by operation of law, in the *219 heir or personal representative, and carried with it the right of action for the still existing injury. In any case, even where the right of action survives the death of the party, death abates the action per se, unless a natural or personal representative is substituted as a party; for a party is necessary to an action, and the law provides for no automatic succession in case of death.
With these principles in mind, the three sections in question, while perhaps not accurately worded, seem to be consistent with each other, and Section 5144 is a limitation upon Section 4975, but Section 4975 is not a limitation upon Section 5144.
This view is further confirmed by the fact that, in the adoption of the civil code, under the present Constitution, the provisions of the practice acts of 1824 and 1831, in this behalf, were brought forward and re-enacted in the civil 'code of 1853 as Sections 398 (the present Section 4975) and 399 (present Section 5144), as successive sections of the same act. Section 398 provided for survival of causes of action for “injuries to real and personal estate,” while Section 399 provided for the abatement of actions ‘1 for a nuisance. ” It is not to be supposed that the Legislature intended to confer upon an executor, with respect to an action not brought by the testator, a power greater than if the suit had been actually brought by the testator during life. We must conclude, therefore, in view of the juxtaposition of the two sections and their close connection otherwise, that the distinction indicated was recognized and intended by the Legislature.
Nor is it to be supposed that the Supreme Court, or the counsel in the Cardington case, were unaware of Section 4975. The fact, therefore, that neither counsel nor court referred to it suggests a strong inference that, in their view, the terms used in these sections were mutually exclusive. Indeed, to hold otherwise would, as suggested by counsel, here practically eliminate Section 5144 as superfluous. -
The view we have taken of the mutually exclusive character of these expressions in the statutes referred to is further confirmed by the decision 'in Coal Company v. Smith, 53 O. S., 313, rendered in 1895, upon Section 5144 as amended in 1893. The action here was for personal injuries caused by negligence. The plaintiff having died pending the suit, his administrator revived the action; and this was upheld, because “it” (the pending *220 action) “was not within any of the enumerated exceptions of 5144, and was, therefore, properly revived. ’ ’ This is equivalent ■to saying, in so many words, that an action for nuisance is not an action for injuries to ihe person, in the purview of our statutes as amended, relating to survivor and abatement of actions-.
Walter A. DeCamp,' Assistant City Solicitor, for plaintiff in error.
Thomas H. Darby, for defendant in error.
In the view of- these findings as to the law, the judgment below must be reversed, and, proceeding to render the judgment that should have been rendered below, the petition of Darby, administrator, will be dismissed.
Judgment reversed and judgment entered dismissing the petition with costs.